LALOR (LYMAN VENTILATING & REFRIGERATOR CO. v.). See Case No. 8,632.

## Case No. 8,002.

### LAMALERE v. CAZE.

[1 Wash. C. C. 413.][1]

Circuit Court, D. Pennsylvania. April Term, 1806.

EVIDENCE—DEPOSITION—IMMATERIAL STATEMENTS—CONTRADICTORY STATEMENTS IN ANOTHER CASE—DISCREDITING WITNESS.

1. If a witness, in a deposition, on his cross-examination, states as facts circumstances not per-

tinent to the cause, which he has said or sworn in another cause, in which these circumstances were pertinent; the statement cannot be read to discredit him.

2. Aliter. if he has, on a former occasion, said or sworn differently from what he now deposes, in a matter relative to the cause, in which his deposition is read.

[Cited in Howland v. Conway, Case No. 6,793.]

[Cited in Lightfoot v. People, 16 Mich. 514.]

3. The captain's protest may be read, to contradict what he states in his examination in this cause, in order to discredit him.

## Case No. 8,003.

### LAMALERE v. CAZE.

[1 Wash. C. C. 435.][1]

Circuit Court, D. Pennsylvania. April Term, 1806.

PARTNERSHIP—ACTION BY ONE PARTNER AGAINST COPARTNER—PARTNERSHIP ENDED.

1. The plaintiff and the defendant were partners in a particular shipment, made by the former to the latter; and the proceeds thereof were to be remitted to the plaintiff, to be invested in another shipment on the same account. No second shipment having been made, the plaintiff claimed half the proceeds of the first joint transaction, and instituted this suit for the recovery thereof. It was held, that although the defendant alleged he had shipped a sum of money to the plaintiff, amounting. as he stated, to more than his portion of the proceeds, the action of indebitatus assumpsit could not be sustained. as the accounts between the partners could not be considered as settled.

[Cited in Williams v. Henshaw, 11 Pick. 82.]

2. To constitute a settlement of accounts between partners, all must consent to and be bound by it, or none can be: and this consent must be express, or to be implied from circumstances.

3. Until a partnership is dissolved, the accounts of the partners liquidated, and a balance struck, one partner cannot sue another in an action of indebitatus assumpsit.

[Cited in Causten v. Burke, 2 Har. & G. 295.]

This was an action for money had and received, by one partner against another, for the balance of a particular shipment. in which they were jointly interested in profit and loss; and the proceeds, when remitted by defendant,

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr. Esq.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

from St. Thomas, were to be invested in another cargo, to be sent out on the same account. The defence at the trial was, that 1,100 dollars, which was more than the balance of the cargo not remitted, was sent in a certain vessel, which was lost, and with her the money. The defendant, on his arrival, being called upon by the wife of the plaintiff, gave different and contradictory accounts of the remittance; and to the agent of the plaintiff he stated, that he had sent, in the vessel lost, the money due to plaintiff; which sum was ascertained to be 1,100 dollars; and that he had written to plaintiff to pay 160 dollars, part of that sum, which exceeded the sum due the plaintiff, to the order of the defendant. The jury, believing the witnesses, who proved the contradictory accounts given by the defendant, of the transaction, rather than the captain, who swore positively to the shipment and loss of the money, found for the plaintiff; but a much less sum than was claimed, reserving the point, whether this action could be sustained.

The question now came on, upon a motion to enter up a nonsuit.

Mr. Reed, in support of the motion, insisted that the partnership was still continuing, notwithstanding a new cargo was not sent out, and that it was not to terminate till that was done, or till it was dissolved by the parties. That until dissolution, and an account liquidated by the partners, and a promise by one to pay the balance, this action, or indebitatus assumpsit, will not lie. 2 Durn. & E. [2 Term R.] 478, 479.

Mr. Duponceau, against the motion, argued, that the partnership was ended, by the defendant's not remitting; and that one partner alone may dissolve, though, if contrary to agreement, he may be liable to his partner in damages. He admitted, that this action, by one partner against another, cannot be maintained, unless after the dissolution the balance was struck, and a promise to pay. But that the partnership here was dissolved, and the defendant had acknowledged what was the balance due, and said that he had remitted it; which allegation, however, is falsified by the verdict. He read 2 N. Y. Term R. 293.

BY THE COURT. The law being admitted, there can be no doubt in this case. Even if the evidence proved more clearly than it does, that the defendant acknowledged the balance due the plaintiff to be the 1,100 dollars, after deducting the 160 dollars, this is not a balance upon a settled account; for, to constitute such an account, all the parties must consent to it; all must be bound by it, or none are. This consent must be either express or implied. I am inclined to think, that if, after dissolution, one partner were to state the account, and send it to the other, who should by his conduct show his acquiescence, by retaining it for a considerable time, without objections, that he might be bound by that statement, as well

as the other, and that this action for the balance, might then be maintained. But, in this case, the plaintiff never did assent to the balance, as stated by the defendant, but on the contrary, claimed in this action more than the 940 dollars, and much more than the jury supposed to be the balance; which shows that the balance was not struck, so as to bind both parties. The action, then, cannot be sustained. Nonsuit awarded.

[For another case between the same parties, see Case No. 8,002.]