DECEMBER.

## KENNEDY VS. M'FADON & CATON.

A and B, with other persons since deceased, had been engaged, as copartners, in certain proportions, in many APPEAL from, *Baltimore* County Court. This was an action of *assumpsit* for money had and received; for money laid out and expended; for money lent and advanced; for mercantile adventures and speculations, which continued for several years, of which no liquidation or settlement between them had taken place; and among which they were joint owners, in the said proportions, of a brig and cargo, which were captured, and by decree of the Vice-Admiralty court, were restored free from salvage: but an appeal being interposed by the captors, it was necessary, in order to retain the property for the owners, to give security to abide the final decree on the appeal, and O and P became sureties for them. The vessel and cargo returned, and came to the possession of B, and the other partners, who disposed of the same. After which the sentence of the Vice-Admiralty court was reversed and it was decreed that salvage should be paid, and it was paid by O and P, who brought suit against A and B, and the other partners. and obtained judgment, which was paid by A, he being the only solvent partner, the others having been declared bankrupts A brought an action of *assumpsit* against B, who had survived the other partners, to recover of him the proportion which he ought in justice and equity to contribute,—*Held,* that A was not entitled to recover in such action.

work and labour as an agent, &c. and a *quantum meruit* for work and labour, &c. brought by the plaintiff, (now appellant,) against the defendants, as surviving partners of *William M'Fadon*, & Co. The general issue was pleaded; and at the trial the plaintiff offered in evidence, that the defendants, and a certain *William M'Fadon*, now deceased, and a certain *Richard Lawson*, also deceased, together with the plaintiff and *Henry Child*, *Howell Price* and *Richard Price*, were the joint owners and proprietors of the brig called *The Betsy*, and her cargo, in the following proportions, to wit: *Richard Caton* one-fourth part; *John M'Fadon* and *Richard Lawson*, now deceased, as copartners in trade under the firm of *John M'Fadon*, & Co. one-fourth part; *William M'Fadon*, now deceased, *Richard Lawson*, also deceased, and the aforesaid *John M'Fadon*, as copartners in trade under the firm of *William M'Fadon*, & Co. one other fourth part; *Henry Child*, *Howell Price* and *Richard Price*, as copartners in trade under the firm of *Child*, *Price*, & Co. one-eighth part; and the plaintiff the remaining eighth part. The plaintiff also offered evidence, that the said brig *Betsy*, and her cargo, owned as aforesaid, sailed from the port of *Baltimore* on a voyage to the Island of *St. Domingo*, where the plaintiff then resided, and to whom the said vessel and cargo were consigned for sale and disposal on their arrival; that in the prosecution of the above mentioned voyage, the vessel and cargo were captured and seized as prize, by a privateer commissioned and authorised to cruise by the *French* government; that they remained in the possession of the captors for a few days, until they were recaptured by an *English* ship of war, and afterwards carried into *Kingston*, in the Island of *Jamaica*; that immediately thereafter proceedings were instituted in the vice-admiralty court established in that island, and were continued, until by a final decree of the said court, the said vessel and cargo were restored to the above named proprietors thereof, free from and exonerated of the claim of salvage made by the recaptors; that the recaptors interposed an appeal from the sentence of the vice-admiralty court, and prayed that the same might be brought before the lords commissioners of appeals in prize causes in *Great-Britain*, and the appeal was accordingly allowed, and the property so liberated ordered to be restored to the proprietors, or

1810.

Kennedy
vs
M'Fadon, &c.

their agents claiming on their behalf, on giving security to abide the final decree of the lords commissioners of appeals. The plaintiff also offered in evidence, that *John Campbell* and *Francis Whittle*, of the Island of *Jamaica*, at the instance and request of the above mentioned owners, became the security in the stipulation so as aforesaid awarded to be given by the said owners on the restoration of the *Betsy* and her cargo. That the vessel and cargo were afterwards sent to the port of *Baltimore*, and came to the hands and possession of *Richard Caton*, and the said *John M'Fadon* and *Richard Lawson*, now deceased, who disposed of the same. That the sentence and proceedings of the vice admiralty court in *Jamaica* were afterwards reversed by the lords commissioners of appeals, and a decree was by them made that salvage should be paid to the recaptors, out of the brig and cargo, to the amout of $15, 000. That *Campbell* and *Whittle* were compelled to pay to the recaptors, in consequence of their having become security in manner above mentioned, the said sum of money, being the amount awarded as salvage. That *Campbell* and *Whittle*, after having paid the last mentioned sum of money, remitted an account thereof to the above named owners, requesting the reimbursement of the sum they had thus been compelled to pay in consequence of their having become security; that not being able to obtain the payment of the said sum of money, they instituted a suit in the circuit court of the *United States* for the *Maryland* district, against the above named owners, and obtained a judgment thereon; that in the interval between the payment of the moneys by *Campbell* and *Whittle*, for the decree of salvage before recited, and the institution of the suit by *Campbell* and *Whittle*, for the recovery of the said sum of money, the defendants, *Richard Caton* and *John M'Fadon*, became bankrupts, within the view and meaning of the law of the *United States*, then existing on that subject, and obtained a regular certificate of discharge of all debts due by them antecedent to the act of bankruptcy on which the commissions issued, by which they were respectively declared bankrupts; that the plaintiff, in pursuance of the said judgment, being the only solvent person of the owners above named, paid and satisfied the whole amount of the said judgment; and that the present suit is brought for the recovery of the proportion of the said money which the de-

fendants ought in justice and equity to contribute. He further offered in evidence to the jury, that there was nothing due from him to the defendants on account of their joint adventure in the said brig and cargo. The defendants then offered in evidence, that at the time of the sailing and capture of the brig *Betsy*, they, with the plaintiff, and the other owners above mentioned, were engaged as copartners in the above mentioned proportions, in many other mercantile adventures and speculations, which continued for several years; that on the whole of these speculations and adventures, the defendants have always claimed, and still do claim, a considerable balance to be due to them from the plaintiff, and that no liquidation or settlement between the said joint owners, or any of them, hath yet taken place of the said speculations, adventures and claim, or of the business of the brig *Betsy*, her cargo, capture or salvage aforesaid. The defendants then, by their counsel, prayed the opinion of the court, and their direction to the jury, that if they believe all the matters so offered in evidence by the plaintiff and defendants, the plaintiff is not entitled in law to recover in this action. Of which opinion was the court, [*Nicholson*, Ch. J. and *Hollingsworth*, A. J.] and so directed the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before Chase, Ch. J. and Buchanan, Gantt, and Earle, J.

*Martin*, for the Appellant.

*Harper* and *Winder*, for the Appellees. They argued that the plaintiff and defendants were partners, and that one partner could not sue another in a court of common law, where there was no liquidated balance ascertained to be due.

The Court concurred with the County Court in the opinion in the bill of exceptions.

Gantt, J. dissented.

JUDGMENT AFFIRMED.