## M'COLL v. OLIVER.

1. An action at law lies by one partner against the other, on a writing ascertaining the amount due by one to the other on a settlement, although there be no express promise to pay.
2. On such a writing, the Court can, on demurrer, render a judgement final in assumpsit, for principal and interest.

Joseph Oliver declared against Alexander M'Coll, in the Circuit Court of Conecuh county, in assumpsit. The declaration contained three counts, the first of which was special, setting out an instrument signed by M'Coll, as follows:

"On a final adjustment of the copartnership business between Alexander M'Coll and Joseph Oliver, who have been engaged in the business of merchandize, and which copartnership was dissolved on the 1st of September, 1824. The said Alexander M'Coll assumes the payment of all the debts due from said firm, up to its dissolution, and acknowledges that there is due the said Joseph Oliver, twelve hundred and sixteen dollars as his portion of the notes, money and accounts, due and belonging to the above mentioned firm, up to the 1st September above mentioned; the above dated, this 5th of November, 1824. A. M'COLL."

The second count was for money had and received; and the third on an account stated. The defendant demurred to the first count, and filed no plea to the other counts. At September term, 1826, the Court overruled the demurrer, and the defendant declining to plead over, judgement was rendered for $1361 92, being the amount mentioned in the writing, with interest from the date of the writ, the plaintiff claiming it only from that time.

M'Coll assigned as error, that the Court erred in overruling the demurrer of the defendant to the first count of the declaration ; and in entering judgement, and in allowing interest without a jury or writ of inquiry.

SHORTRIDGE and ELLIS, for the plaintiff in error, contended, that an action cannot be maintained by one partner against another for a balance due upon a joint transaction unless there be an express promise, or unless the law will imply one. [a] In declaring in assumpsit, except on legal liabilities, it is always necessary to set out the consideration of the contract. [b] See the Laws of Alabama, [c] as to the power of a Court to enter a judgement final.

[a] 2 Term Rep. 483, 479. 2 Cain. N. Y. Cases 293. 14 John. 318. 1 Chitty Pl. 88.
[b] 1 Chitty Pl. 295.
[c] Page 70.

COOPER, for the defendant in error.

The cause was argued at January term, 1828, and was continued for further argument, and re-argued at this term, when the following opinion was delivered

## By JUDGE PERRY.

THE first assignment involves the construction of the instrument declared on, as to the intention and object of the parties in making it. Their intention appears to have been a final settlement of the business of their copartnership, for they have so expressed it. This being their intention, the object to be attained was the ascertainment of the situation of the copartnership, and what was due to the members of the firm. This being done, M'Coll takes upon himself the payment of all the debts of the firm, and acknowledges the sum specified in the instrument to be due to Oliver ; which acknowledgement appears to have been produced from the consideration that Oliver surrendered to M'Coll all his interest in the partnership effects. That Oliver did surrender his interest, appears to be manifest by M'Coll's assuming to pay all the debts of the firm. But it is contended that the words "as his portion of the notes, money and accounts," controls the

construction of the instrument, and shews that the parties intended by these words, that Oliver had an interest only in the notes, money and accounts belonging to the firm, to the amount specified in the agreement. To allow the construction contended for, would render the settlement of the parties useless, and we cannot suppose they intended to do a useless thing; besides, it would contradict the parties themselves, for they have said it was a final settlement. We are therefore of opinion that the acknowledgement of M᷊Coll of the sum due, was a promise to pay that amount; consequently, Oliver had a right to sue for the recovery of the same: for it is a well established principle, and has not been denied in argument, that on the settlement of a copartnership concern, if one partner acknowledges a sum due to the other, he can sue at law for the recovery of the same. The other assignments of error cannot be sustained, because the instrument declared on having ascertained the sum due, the Court had the right to enter judgement for the sum so ascertained to be due, with interest, and was bound to do so. We are therefore of opinion, there is no error in the record, and the Court being equally divided, the judgement of the Court below is affirmed.

JUDGE SAFFOLD not sitting.