## ROWLAND v. BOOZER.

1. The *declarations* of a member of a partnership, made after a note payable to a 'third person, but of which the firm were the proprietors, had been delivered to another to collect and pay his share in the concern, are inadmissible to affect the right of the latter to recover the amount thereof in an action thereon for his use.

2. Although a partnership for the purchase and sale of lands, can only be constituted by writing, yet if some of the original partners withdraw, and substitute other persons in their stead, who are recognized and treated as partners by the remaining members of the firm in their written transactions, this is sufficient within the statute of frauds.

3. An unincorporated association of individuals, who had been dealing in real estate, having sold all their lands, met, charged the amount in their treasurer's hands as cash, and ordered that the company should not meet again: thereupon the treasurer was ordered to pay over to each of the members the amount respectively due them by a day designated, if a certain suit was not previously instituted. The suit was not brought by that day, and a note made by one of the company of which the association was the proprietor, was delivered to another to collect, retain to the extent of his share of the profits, and pay over to the treasurer the residue: Held, that the party receiving the note could maintain an action thereon, in the payee's name, for his own use, though the defendant and himself had been members of the same partnership, and before the assets of the firm were distributed, had a joint interest in the note; and this although the suit contemplated, had been instituted since the distribution and was still pending.

Writ of Error from the Circuit Court of Benton.

THIS was an action of assumpsit on a promissory note, at the suit of the defendant in error. The declaration describes the note as made by the plaintiff in error, on the 3d January, 1837, for the payment of twelve hundred dollars, twelve months after date.

The cause was tried upon the plea of *non-assumpsit*, with leave to give any matter in evidence which would bar the action, or avail the plaintiff in answer to such bar. A verdict was returned for the plaintiff for $1507 21, damages, and judgment was rendered accordingly.

On the trial, the defendant excepted to the ruling of the court. It is shown by the bill of exceptions, that after the plaintiff had read his note to the jury, the defendant introduced a witness, who testified that nineteen persons, (some of whose names he mentions,) formed a partnership for the purchase and sale of lands; after they had been sometime in business, in the year 1835, or 1836, two of the partners sold their interest in the concern; the one to the beneficial plaintiff in this action, the other to the defendant. Witness did not know whether the sales thus made were evidenced by writing, but the company met, ascertained the amount in the treasurer's hands, and recognized each of the purchasers as entitled to a share of the profits, and they drew from the treasurer their portions thereof, for which they gave receipts.

The note declared on was given by the treasurer to Barclay, in payment of his interest in the profits of the company, with the understanding that he was to collect it, and pay over to the treasurer whatever balance might remain after his (B's) share of the profits was satisfied. The treasurer was the agent of the company to sell the lands belonging to it, and all title papers made by, or to, the company, were executed in the name of the treasurer, and Thomas and Bradford, two other members of the company.

While the treasurer was in possession of the note, a credit of $400 was placed thereon, by the defendant's consent— the defendant having previously paid that amount upon the treasurer's order, in favor of one Green. Before the note was handed over to Barclay, the lands having been all sold, the company had a meeting, and the amount in the treasurer's hands was charged to him as cash; it was then ordered

that the company should not meet again. Thereupon the treasurer was directed to pay over to each of its members the proportion ascertained to be due them respectively, by a day designated, if by that time a suit for the recovery of the "*Augerhole* reservation, being a half section of land in Benton county, was not brought against Green and Scott, who had purchased it from the company. Such suit had not been commenced by the day appointed for the distribution of its assets; but had since been brought, and was now pending. The "Augerhole reservation" received its appellation from the name of the *Indian reservee*, to whom it was allotted under the Creek treaty of 1832.

A witness testified that the defendant always admitted his liability for one nineteenth part of the losses, or liabilities of the company for defect in the title of lands sold by them.

The nominal plaintiff was also examined as a witness by the defendant, and stated that the note which was the foundation of the action, was given to him by the defendant as the price of a negro man he sold to the latter. In five days after the purchase, and the making of the note, the defendant and treasurer of the land company came to witness' house and proposed to sell him a tract of land, then belonging to the company; for which it was agreed to take in part payment the note in suit. The purchase was made, and the note delivered to the treasurer, who said it would suit him as well as money.

After the foregoing testimony was adduced, the defendant proposed to prove the admissions of the treasurer made after the commencement of this suit, but the plaintiff's counsel objecting, this evidence was rejected. This was all the evidence in the cause, so far as it was material; the court charged the jury, substantially as follows :

1. If they believed all the evidence adduced, they ought to find for the plaintiff. Thereupon the defendant prayed the court to charge the jury—1. If they believed all the evidence on the trial, then the beneficial plaintiff and the defendant were partners in the company at the commencement of the action. 2. If they believed all the evidence that had been laid before them, then the beneficial plaintiff and the defendant were partners when the note declared on passed in-

to the hands of the treasurer of the company, and at the time it was delivered to the real plaintiff.

The court charged the jury that it was competent for the defendant to prove a partnership between Barclay, Rowland and others; and upon the prayer of the defendant's counsel added, if the partnership was proved, they should find for the defendant. At the instance of the plaintiff, the jury were further instructed, that to constitute a partnership in the purchase and sale of real estate, there should be some note or memoradum in writing, showing its creation.

S. F. Rice, for the plaintiff in error made the following points: 1. The note being taken by the treasurer, on account of the company, became the partnership property, and the circumstances under which it was received by the beneficial plaintiff, did not divest it of that character, as between himself and the defendant. [1 Hall's Rep. 308; 3 Hill's Rep. 215; 4 Ala. Rep. 194; 5 Id. 451.] And an action cannot be sustained on it in the name of one partner against another, without proof of a balance struck, or an express promise. [1 Hall's Rep. 180.]

2. The transaction by which Barclay and the defendant became members of the company, and the subsequent recognition by the company, of them, as partners, is quite sufficient to make them such, in the absence of all writing—the original articles of association continue operative, notwithstanding the places of some of the partners are substituted by others. [2 Dev. Rep. 289, 535; 7 Porter's R. 73; 7 Ala. Rep. 161.] But if the statute did apply, the acts of part performance would relieve this case from its influence. [1 Ohio R. 117; 3 Porter's Rep. 464; 6 Ala. Rep. 562.]

3. The declarations of one who is jointly or exclusively interested with the plaintiff, are competent, whether such person be a party of record or not. [Greenl. Ev. 212, §§ 180, 181; 1 Wils. Rep. 257; 3 Camp. Rep. 465; 10 East's Rep. 395; 1 Hall's Rep. 308: 1 Ala. Rep. 506; 5 Ala. Rep. 694, 698; 7 Ala. Rep. 798.]

4. Where the jury are to determine the facts, a party has

a right to call on the court to declare the law in respect to them. [7 Ala. Rep. 753.]

W. P. CHILTON and F. W. BOWDON, for the defendant in error, insisted, that a parol agreement to become partners in the business of buying and selling lands is void, by the statute of frauds. [5 Porter's Rep. 195; 3 Sumner's R. 435; Patterson v. Ware, at this term.] But although the partnership relied on is void, it affords no obstacle to a recovery. There is but one item to be liquidated; which cannot affect the liability of the defendant upon his note to any member of the company although it may have been the property of the company, and they may still have an interest in it. [4 Por. Rep. 497; 3 Ala. Rep. 350; 9 Porter's Rep. 446; 5 Wend. Rep. 274; Penn v. Stone, at this term; 6 Ala. Rep. 821.]

The treasurer of the company was a competent witness for the defendant below, and his declarations for this, if no other reason, were rightly excluded. [10 East's Rep. 396; 11 Id. 578; 10 Conn. Rep. 8.] So if the partnership to buy and sell lands is void, then there was not a joint interest, and upon this ground the declarations were inadmissible. [Greenl. Ev. 208, §§ 176, 177; 3 Day's Rep. 493; 3 Johns. R. 528; 3 Cow. Rep. 612; 5 Stew. & P. Rep. 293.] Besides, it does not appear that the treasurer had a *certain* interest, either individually or as a partner; that depended on a settlement of the partnership account.

When a witness is offered to testify, if objected to, his incompetency must be shown; when it is proposed to prove the declarations of a third person, their competency must be shown. [6 Ala. R. 390.]

COLLIER, C. J.—The declarations of the treasurer of the company, after the note was delivered by their order to the beneficial plaintiff in this action, were clearly inadmissible. It was not competent for him, by an act done, to prejudice the plaintiff's right to recover—he was not authorized to collect the debt, or to release it. Such a declaration was not referable to any *res gesta*, and we can conceive of no principle upon which its admission could be defended. [8 Ala. Rep. 650; Abney v. Kingsland & Co. at this term.] We

cannot very well conceive of any objection to the competency of the treasurer, as a witness for the defendant, unless he was interested to defeat a recovery by the plaintiff, and upon this ground, perhaps, considering the circumstances under which his admissions were offered, the ruling of the circuit court might be supported.

If upon a view of all the evidence, and such inferences therefrom as a jury could legitimately make in favor of the defendant, the plaintiff was entitled to recover, there was no objection to the court thus charging the jury. Let us then inquire whether, in this point of view, the defence was made out. We think it may be assumed from the evidence, that the creation of the orignal partnership, composed of nineteen persons, was shown to have been by writing, and if the defendant and beneficial plaintiff were not substituted in virtue of a written contract to the place of two of these partners, they were recognized by the firm as members, and each of them entitled to a share of the profits, "which they drew from the treasurer," and "for which they gave receipts." This recognition by the firm, and the authority to the treasurer to distribute the profits, must have been in writing; consequently, the partnership, and the interest of these parties was proved according to the requirements of the statute of frauds.

The note in question is not a promise in favor of the partnership, but it is an undertaking to pay the nominal plaintiff, who it is not pretended was a member of the the company. It is contended, that when the firm became the proprietor of the note, in consequence of the sale of land to the payee, the remedy thereon was suspended, and has not been revived. Conceding the general rule, that one partner cannot maintain an action at law against another, to recover money due by verbal contract on the partnership account; or even that the partnership cannot transfer the note of one of its members to another, which the firm became the owner of, through a third person, its payee, until the accounts of the concern are liquidated and a balance struck, and still the facts do not sustain the defence in the case at bar.

Before the note in suit was handed to Barclay, the company had a meeting, and the assets in the treasurer's hands

were charged to him as cash; and the lands having been all sold, it was ordered that the company should not meet again. Thereupon the treasurer was directed to pay over to each of its members the proportion ascertained to be due to them respectively, by a day designated, if a suit was not previously commenced against the purchasers from the company of the "Augerhole reservation." Such a suit was not brought by the day appointed for distribution, but has been since instituted, and is still pending. The note was delivered to Barclay, with the understanding that he should collect it, appropriate a sufficient amount of the proceeds to pay his interest in the concern, and the remainder hand over to the treasurer. Here then, was a settlement of the accounts of the partnership, as matters stood—the company had closed their operations, contemplated no further meeting, or joint action, and directed the custodian of their assets, to distribute to the members, in proportion to their shares, if a suit particularly referred to was not commenced by a certain day—this event not having occurred, we have seen the distribution was made. This, we think, authorized the treasurer to dispose of the note of the defendant, which we have seen was the property of the company; and the beneficial plaintiff having acquired it in virtue of an order by them, might well maintain an action thereon, in the name of the payee. The subsequent institution of the suit, can have no prejudicial effect upon the plaintiff, although the partners may be compelled to contribute to their vendees, and thus diminish their distributive shares, if the plaintiff in the suit for the "Augurhole reservation" should be successful. His success, it may be remarked, is contingent, and there is nothing in the record from which we can hazard a conjecture as to its probability. That suit does not *proprio vigore*, annul the settlement of the accounts of the company, though the result may subject the members to a liability for which no provision was made.

In Clark v. Dibble, 16 Wend. Rep. 601, it was held, where there had been a settlement between the partners, and a proise by one to pay to the other the balance struck, an action at law may be maintained, although, by accident or otherwise, there may be some outstanding matters unadjusted. So it has been decided, that partners may separate any por-

Rowland v. Boozer.

tion of their partnership affairs from the rest, and submit it to arbitrators for adjustment, and if a sum is found due from one to the other, a promise to pay that sum is binding, and an action may be sustained upon it, notwithstanding the other partnership concerns remain unsettled. [Gibson v. Moore, 6 N. Hamp. 547.] Is not the distribution of the assets of the company (of which the defendant was a member) by their own direction, in legal effect a promise in advance, to pay any note or other security in which the individual members may be indebted to the firm, to whoever it may be distributed? See 2 Stew. & P. Rep. 259; 1 Wash. C. C. Rep. 435; 1 Stew. Rep. 510; 11 Pick. Rep. 79; 12 Id. 378; 3 Ala. R. 347, and cases there cited.

We have seen that the circuit court laid down the law too favorably for the defendant, in stating, that if the beneficial plaintiff and the defendant were members of the company, then the plaintiff was not entitled to recover. However this might be, if there had been no dissolution of the partnership, and settlement of accounts, we have not thought proper to inquire, but choose rather to rest our opinion upon the conclusion that both of these facts were proved to exist. The right to sue upon the note is not at all affected by the undertaking of Barclay to pay to the former treasurer of the company all he may recover beyond a certain sum—in fact the defendant has not sought to avail himself of this as a defence. Upon the whole case, the plaintiff is entitled to recover, and the rulings of the court below present no available error. The judgment is consequently affirmed.