## HARRIS *v.* HARRIS.

The administrator of a deceased partner, who has paid a partnership debt, cannot maintain assumpsit against the surviving partners, to recover of them their proportion of that debt; the affairs of the partnership never having been adjusted, and no express and special promise to pay being shown.

ASSUMPSIT, by the plaintiff, as the administrator of Bethuel Harris, deceased, against the defendants, as surviving partners of said Bethuel, to recover of them their proportion of a partnership debt, which he had paid as administrator of the deceased partner. The action was referred to an auditor, who made the following report of the facts proved in the case before him:

"Prior to July, 1851, Bethuel Harris and the two defendants had been engaged in manufacturing business as partners, under the style of Harris & Hutchinson, and had incurred the debts as partners, which are set forth in the plaintiff's specification, and which the plaintiff, as administrator of the estate of Bethuel Harris, has paid. Bethuel Harris had one half interest in the partnership business, and the two defendants one fourth each. The plaintiff was duly appointed administrator, and was afterwards furnished with a list of these debts which he paid, by Charles C. P. Harris, one of the defendants, who is defaulted, and

requested by him to pay said debts, which he afterwards did, the said Charles C. P. Harris stating to the plaintiff that they, the surviving partners, had not funds to enable them conveniently to meet their demands.

The surviving partners, on the death of Bethuel, worked up and completed the materials and stock on hand at the time of his death, and used the same in payment of the partnership debts, and all of the debts then existing have been paid. The partnership books have been footed up by Charles C. P. Harris, and they show balances of unequal amounts against the surviving partners, in favor of the estate of Bethuel. The notes described in the plaintiff's specification, one half of the amounts of which he is now claiming against these defendants, were not included in the footings of the books, and were never entered upon them.

The defendant Harris, and the defendant Hutchinson in right of his wife, were entitled to a dividend of $478.44 each from the estate of Bethuel, and they respectively agreed with the administrator that he should apply these sums towards the payment of their portion of the partnership debts.

The two surviving partners, after working up the stock and materials on hand, at the death of Bethuel formed a copartnership under the same style of the old one, and continued in the same kind of business. They however opened new books, and kept 'the business separate and distinct, in all particulars, from the old firm, and there never has been any settlement between the parties of the business of the old firm, except the payments and acts herein above stated.

The plaintiff withdrew, without offering any evidence upon it, the first item of his specification, being a note dated November 21, 1856, for $129.89, signed by the defendants, and payable to the plaintiff in six months from date, on which was indorsed, December, 1856, $100.

If the plaintiff can maintain his action on the foregoing facts, he should be allowed a balance of $423.80, and interest to be allowed thereon from the date of the writ."

*Wheeler & Faulkner*, for the plaintiff.

By the death of Bethuel Harris the partnership was dissolved, and it became the duty of the surviving partners to pay the partnership debts and close up the partnership business. At the request of one of them, acting for both, and to discharge debts which it was their duty to provide for, the plaintiff advanced money. Nothing was then due to the partnership, or any member of it, from the plaintiff's intestate, and the plaintiff has a right to recover for the money thus paid out, in a suit against both the surviving partners. *Estate of Davis* v. *Desaugue*, 5 Wharton 530.

The partnership debts having been paid, and the partnership property disposed of, the business of the old firm was so far closed up that a suit may be maintained for the balance due the estate of Bethuel Harris. *Wilby* v. *Phinney*, 15 Mass. 116 ; *Bond* v. *Hayes*, 12 Mass. 34.

*Frederick Vose*, for A. Hutchinson, defendant.

1. The plaintiff is not entitled to any rights or remedies greater than his intestate, if living, would have had ; nor is it material whether the dissolution is worked, as in this instance, by the death of a partner, or in any other way. The partnership relation between all the partners, and the representatives of any who may be dead, remains until all the partnership affairs are adjusted.

2. During the continuance of a partnership, and while its concerns are unadjusted, there is at common law no implied promise by one partner to pay any thing to the other in a partnership transaction ; and no action lies by either in such case, unless the transaction upon which the right

of action is based has been settled, and a promise of payment made. *Wright* v. *Cobleigh*, 21 N. H. 339, and *Gibson* v. *Moore*, 6 N. H. 542, there cited; Gow on Part. 73, 78.

This case forms no exception to that rule, and the defendants therefore are neither jointly nor severally liable in this action.

FOWLER, J. The only question raised by the report of the auditor in the present case is, whether the administrator of a deceased partner, who has paid a partnership debt, can maintain assumpsit against the surviving partners to recover of them their proportion of that debt—the affairs of the partnership never having been adjusted between the partners, and no express and special promise to pay being shown.

It has sometimes been laid down by elementary writers, that during the continuance of a partnership, or while its affairs remain unadjusted, an action at law will lie by one partner, or his representative, against the others, for moneys advanced, or paid, or contributed, on account of the partnership, or of the debts and obligations incurred thereby. Gow on Partnership, ch. 2, secs. 3, 79, 80, 81; Montague on Partnership, ch. 4, 40; Cary on Partnership 65. But this doctrine, in the general terms in which it has been laid down, is believed to be utterly untenable, inconsistent with the rights, duties and relations of partners to each other, and without the sanction of any considerable number of well considered decisions of courts of established reputation. Most of the cases which have been supposed to inculcate such a doctrine turn upon other very distinct and positive grounds. Nearly all the English cases are collected and classified in Collyer on Partnership, B. 2, ch. 3, secs. 2–174–193, as (1) cases where the debt was in fact an individual and not a partnership debt; *Smith* v. *Barrow*, 2 D. & E. 476; Gow on Partnership,

ch. 2, sec. 3; or, (2) where a separate and distinct security or negotiable instrument had been given by one partner to another on the partnership account; *Preston* v. *Stratton*, 1 Anst. 50; *Venning* v. *Leckie*, 13 East 7; or, (3) where the contract was preliminary to the partnership, and merely in contemplation of it; such as a promise to contribute so much to the partnership funds, in stock or money; *Gale* v. *Leckie*, 2 Starkie 107; *Venning* v. *Leckie*, 13 East 7; *Helme* v. *Smith*, 7 Bingham 709; or, (4) where the facts showed the relation to have been that of part owners or joint contractors, and not of partners; *Helme* v. *Smith*, 7 Bingham 709; *Graham* v. *Robertson*, 2 D. & E. 282; *Sadler* v. *Nixon*, 5 B. & A. 936; or, (5) where the money or funds had been voluntarily separated from the partnership stock or moneys, and appropriated to one partner, and he alone was interested in a contract touching the same; *Coffey* v. *Brian*, 3 Bingham 54; *Jackson* v. *Stophert*, 2 Cromp. & Mees. 361; *Wilson* v. *Cutting*, 10 Bingham 436; *Sharp* v. *Warren*, 6 Price 132; or, (6) where a balance had been struck, and a separate and distinct promise made to pay the same to one partner. *Moravia* v. *Levy*, 2 D. & E. 483, note; *Foster* v. *Alanson*, 2 D. & E. 479; *Preston* v. *Stratton*, 1 Anst. 50; *Brierly* v. *Cripps*, 7 C. & P. 709; *Wray* v. *Milestone*, 5 Mees. & Welsb. 21; *Henly* v. *Soper*, 8 B. & C. 16; *Winter* v. *White*, 1 Brod. & Bing. 350; Gow on Partnership, ch. 2, sec. 3; Story on Partnership, sec. 219, and notes; *Clark* v. *Dibble*, 16 Wend. 601.

The case of *Bond* v. *Hayes*, 12 Mass. 34, cited and relied upon by the counsel for the plaintiff, was where, upon an adjustment and final settlement of the partnership affairs, one partner had by mistake paid over to the executor of the other more money than belonged to him, and the court place their decision expressly upon the ground, that they did not consider the preëxisting partnership, which had been dissolved by the death of the defendant's testator, and the accounts of which had been

previously fully settled, as in any degree affecting the right of the plaintiff to recover back money wrongfully paid over to the defendant. It was regarded by the court as the individual debt of the defendant, entirely disconnected from the partnership affairs in which it originated.

*Wilby* v. *Phinney*, 15 Mass. 116, also relied upon by the plaintiff's counsel, is one of those anomalous cases, where, in the absence and for the want of a court of equity, a court of law undertook to administer equity. If the doctrine of that case could be sustained, we see no reason why the present action might not well enough be maintained ; but we are satisfied a desire to do substantial justice between parties, otherwise wholly without a remedy, induced the court there to overlook or disregard a salutary principle of law, too well established to be overthrown or even shaken. Indeed, the same court, in the subsequent case of *Chandler & al.* v. *Chandler & al.*, 4 Pick. 82, expressly repudiate the doctrine of *Wilby* v. *Phinney*, which was decided in March, 1818, where they say : " It is a known principle of the common law that an action will not lie by one partner against another, except where there has been an adjustment of accounts and a balance struck ; so that, until the statute of 1823, there was no remedy in this commonwealth in the cases which must frequently occur, of partnerships dissolved by death or otherwise without any settlement of the accounts."

There are several other Massachusetts cases besides *Wilby* v. *Phinney*, decided prior to the existence of a court of equity in that State, which it would be extremely difficult if not impossible to reconcile with the general current of authorities elsewhere, as well as the almost uniform decisions of their own court since it was clothed with equity powers.

We take it to be perfectly clear, on familiar and elementary principles, that, while a partnership exists, or its con-

cerns remain unadjusted, where there is no fraud, nor special agreement, nor special circumstances, no action at law can be maintained by one partner, or his representative, against another partner, in respect to any partnership transaction; and there is nothing in the circumstances lying at the foundation of the present action, as stated by the auditor, which serves to take it out of the general rule. The authorities on this point are so numerous and diversified that it is difficult to select from them. In addition to those already cited, some of the most direct are as follows:

One partner cannot sue his co-partner at law for any matter connected with the co-partnership, until a settlement of the partnership business has been had. *Springle* v. *Cabell*, 10 Mis. 640.

Assumpsit cannot be maintained by two partners against a third co-partner, after a dissolution, unless there has been a final settlement of the partnership concerns, and a distribution of the property sued for to the parties bringing the suit, or a promise to pay them in the defendant's individual capacity; and the admissions of the defendant, that the firm " had settled their affairs," and that the balance standing in the bank to the credit of the firm, which he afterwards drew out, belonged to the plaintiffs, are not sufficient to sustain the action. *Rial* v. *Wilhelm*, 3 Gill 356.

While a partnership exists, or remains unsettled, no action at law can be maintained by one partner against another, except an action of account, or assumpsit on a promise to account. *Chase* v. *Garvin*, 1 Appleton 211; *Burley* v. *Harris*, 8 N. H. 233; *Estes* v. *Whipple*, 12 Vt. 373; *Graham* v. *Holt*, 3 Ire. 300; *Stalhert* v. *Knox*, 5 Mis. 112; *Davenport* v. *Gear*, 2 Scam. 495; *Towle* v. *Meserve*, 38 N. H. 9.

After a partnership has been dissolved, and its concerns adjusted, and a balance found due from one to the other, or the accounts have been settled, and one has by mistake paid to another more than his due, assumpsit will lie to

recover such balance, or correct such mistake. *Chase* v. *Garvin*, 1 Appleton 211.

The balance so found must be a final balance of all the partnership accounts. Balances which are struck preparatory only to a final account, are not sufficient to form the subject matter of an action. *Davenport* v. *Gear*, 2 Scam. 495.

A surviving partner cannot sustain an action at law against the administrator of a deceased partner, on an unsettled account growing out of the partnership transactions. *White* v. *Warde*, Walker 263.

When a debt against a firm has been collected of one of the partners, he cannot sue the other partner at law for contribution, although the debt was paid out of his separate property. *Lawrence* v. *Clark*, 9 Dana 257.

One partner cannot sue another for his share of any particular debt or transaction, while the partnership accounts are unadjusted, although the firm may have been dissolved. *Dewit* v. *Staniford*, 1 Root 270; *Lamalere* v. *Caze*, 1 Wash. C. C. 435; *Kennedy* v. *M'Fadon*, 3 H. & J. 194; *Ozias* v. *Tolman*, 1 Penn. 191; *Young* v. *Buck*, 2 Penn. 663; *Murray* v. *Boyest*, 14 Johns. 318; *Williams* v. *Henshaw*, 12 Pick. 378.

Partners may separate any particular transaction from the rest of the joint business, and adjust the same; and if, upon such adjustment, a balance is found due from one to the other, a promise to pay that balance is binding, and assumpsit may be maintained by one partner against the other upon it to recover such balance. *Gibson* v. *Moore*, 6 N. H. 547; *Collamer* v. *Foster*, 26 Vt. (3 Deane) 754; *Wright* v. *Cobleigh*, 21 N. H. 339, and authorities.

Where there is no fraud, nor special agreement, nor any special circumstances, one partner has not a debt or claim against a co-partner for any matter relating to or growing out of the partnership concerns, that can be enforced or set off at law, before or after the dissolution,

until a final adjustment and settlement of the partnership matters. *Ives* v. *Miller,* 19 Barb. 196 ; *Warren* v. *Wheelock,* 21 Vt. (6 Washb.) 323 ; *Chadsey* v. *Harrison,* 11 Ill. 151 ; *Gridley* v. *Dole,* 4 Comstock 486 ; *Wright* v. *Cobleigh,* 21 N. H. 339 ; *Myrick* v. *Dame,* 9 Cush. 248 ; *Russell* v. *Byron,* 2 Cal. 86 ; *Buckley* v. *Carlisle,* 2 Cal. 420 ; *Halderman* v. *Halderman ; Boville & al.,* Assignees of *Austice & Thornhill,* v. *Hammond,* 6 B. & C. 149 (13 Eng. Com. Law 126) ; *Milburn* v. *Codd,* 7 B. & C. 419 (14 Eng. Com. Law 67). See, also, *Robson* v. *Curtis,* 1 Starkie 78 (2 Eng. Com. Law 303 ;) *Towle* v. *Meserve,* 38 N. H. 9.

From an examination of all the authorities to which we have had access, we are entirely satisfied that the plaintiff is not entitled, under the circumstances of the case, to maintain the present action, and there must, therefore, be judgment for the defendants upon the report of the auditor.

*Judgment for the defendants.*