# Brown, Adm'r, *v.* Burnum.

*Bill in Equity for the Settlement of a Partnership.*

1. *Sale by one partner to another; adequate legal remedy*—A sale by one partner to another of his interest in a partnership, unless it is otherwise provided by the contract of sale, operates such a change in the position of the seller that he no longer has any claim, based upon the existence of the partnership relation, which would justify an accounting between the two partners; and the compensation agreed to be paid must be enforced at law, equity having no jurisdiction to enforce the agreement.

APPEAL from the Chancery Court of St. Clair.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the appellee, Francis M. Burnum, against Charles G. Brown, as administrator *de bonis non* of the estate of Robert Caskey, deceased; and prayed for an accounting and settlement of the affairs of a partnership, previously existing between the complainant and the respondent's intestate. The respondent demurred to the bill, and also made a motion to dismiss the same for the want of equity. The chancellor overruled the demurrer and the motion; and on the final submission of the cause, on the pleadings and proof, decreed that the complainant was entitled to the relief prayed for. The present appeal is prosecuted by the respondent, and the decree of the chancellor on the demurrer and motion and his final decree are here assigned as error.

BUSH & BROWN and WATTS & SON, for appellant, cited *Clark v. Clark,* 4 Porter, 9; *Hart v. Clark,* 54 Ala. 490; *Reese, Adm'r. v. Bradford,* 13 Ala. 837; *Peaccy v. Peaccy,* 27 Ala. 683; *Griffith v. Buch,* 13 Md. 102; 1 Bates on Partnership, 33, 550, 551; 2 Bates on Partnership, 636–58, 634, 918–921–922.

JOHN W. INZER, *contra,* cited *Brewer v. Brewer,* 19 Ala. 481; *Maurick v. Donaldson,* 1 Ala. 532; *Larkin v. Rodes,* 5 Porter, 95; 3 Brickell's Digest, 514, § 100; *Chester v. Dickerson,* 54 Ala. 1; 1 Lindley on Partnership, page 83.

WALKER, J.—The bill alleges that the partnership between the complainant Burnum, and Robert Caskey, the in-

testate of the defendant, was terminated in August, 1886, by Caskey purchasing the interest of the complainant in the business for the sum of one thousand dollars, to be paid in January, 1887, and agreeing to pay all the firm debts, and to pay back to the complainant all debts and liabilities of the partnership which he had paid and settled during its existence, including money paid for or on account of options, opening and developing minerals, board of hands, and board of Robert Caskey himself. The complainant seeks an enforcement of his rights under this contract with Caskey. To this end he prays an accounting and settlement of the affairs of the partnership. The defendant demurred to the bill, setting up, among other grounds, the adequacy of complainant's remedy at law.

So long as a partner retains his interest in the partnership he has a lien on the partnership effects to secure their application to the full payment and discharge of all debts and liabilities of the partnership, before any partner or his representative, or any individual creditor of such partner, can claim any right or title thereto; and, also, for the amount of his share, after the partnership debts have been paid, and for moneys advanced by him beyond that amount for the use of the partnership. For the enforcement of such a lien the aid of a court of equity may be invoked. But when one partner sells, without a reservation, his interest in the partnership to a co-partner, this lien is extinguished, and the effects become the exclusive property of the purchasing partner. When such a sale is made there is no longer a lien for the enforcement of which resort must be had to a court of equity. This ground of equitable interposition for the settlement of the partnership affairs no longer exists. *Hart v. Clark*, 54 Ala. 490; *Levy v. Williams*, 79 Ala. 171; *Reese v. Bradford*, 13 Ala. 837.

In *McGown v. Sprague*, 23 Ala. 524, it was held, that the selling partner was equitably entitled to be reinvested with his original rights as partner, when the purchasing partner, who had undertaken to pay all the partnership debts, instead of performing his agreement, left the debts unpaid, and absconded, leaving numerous individual creditors claiming the right to subject to their demands the property which had belonged to the partnership. The conduct of the purchasing partner in that case was treated as a fraud upon the selling partner which equitably entitled the latter to a rescission of the contract of sale, so far as it operated to deprive him of a lien upon the partnership effects to have them applied to the payment of the partnership debts. The

ground upon which the equity of the bill in that case was rested is not disclosed by the averments of the bill in this case. Here, there is no allegation of the insolvency of Caskey in his lifetime or of his estate since his death. It is not claimed that the sale, if allowed to stand, will have operated as a fraud upon complainant's rights as a partner. There is no effort to avoid the effect of that sale. It is set up as a valid transaction and the complainant is claiming under it. In these circumstances there is no room for the operation of the rule laid down in *McGown v. Sprague, supra.* There is, therefore, no occasion now to consider the propriety of that ruling.

The sale of his interest in the partnership by one partner to another, unless it is otherwise provided by the terms of the contract of sale, operates such a change in the position of the seller that he no longer has any claim based upon the existence of the partnership relation, which from its very nature, as each partner is liable for all the debts of the partnership and is entitled to a distributive share of the effects only after a sufficiency thereof has been applied to satisfy and discharge the firm liabilities, requires an accounting and a final closing of the partnership affairs, to ascertain what, if any, balance is due to each partner; but in the place of such a claim, for the enforcement of which legal remedies are inadequate, he acquires rights against the purchaser which are defined by the terms of the contract of sale, and for the ascertainment and enforcement of which a settlement and winding up of the partnership affairs may be wholly unnecessary. The contract rights of parties must be enforced by legal remedies, unless the inadequacy of such remedies is shown. An action at law can be maintained for any violation of an agreement by a purchasing partner to pay a stipulated price for the interest of the selling partner, to discharge and satisfy the outstanding debts of the dissolved partnership, and to pay the selling partner the value of services rendered by him and the amounts paid out by him for the firm while it was in existence.—*Peacey v. Peacey,* 27 Ala. 683; *Hogan v. Calvert,* 21 Ala. 194; *Rowland v. Boozer,* 10 Ala. 690; *Clark v. Clark,* 5 Porter, 9; *McCall v. Oliver,* 1 Stewart, 510; *Hunt v. Rogers,* 7 Allen, 469; 2 Bates on Partnership, § 634. No ground of equitable interposition is disclosed by the circumstance that the seller, if his claim of damages for breaches of the contract of sale is controverted, must prove the existence and amount of the firm debts remaining unpaid, and also numerous items of expenses incurred, or disbursements made, by himself. In

the absence of any showing to the contrary, it must be presumed that the proof of such facts may as well be made in a court of law as in a court of equity. The sale having terminated the partnership relation and reduced the selling partner's claim to a purely legal demand against the purchaser, and the averments of the bill disclosing no such case of mutuality or complication of accounts as to justify the interposition of a court of equity on either of those grounds, we are unable to discover in what respect the legal remedies available to the seller are inadequate. Our conclusion is that the ground of demurrer above mentioned was well taken, and should have been sustained.

Reversed and remanded.

