## LEWIS THOMPSON *vs.* YOUNG, COLBOURN & COMPANY.

*Same Person Cannot be Both Plaintiff and Defendant—Rule of Court.*

One partnership firm cannot sue another firm at law when the two firms have a common partner ; and a demurrer lies to a declaration which shows on its face that the same person was a partner in both the plaintiff and defendant firms.

It will be presumed that a judgment of *non pros.* was entered in accordance to the rules of the trial Court when there is no evidence in the record to the contrary.

Appeal from the Circuit Court for Worcester County.

The cause was submitted to the Court on briefs by :

*James E. Ellegood* and *A. P. Barnes*, for the appellant.

*Melvin & Handy* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

On December 13th, 1894, Lewis Thompson and Isaac E. McLain, co-partners, trading as Lewis Thompson, brought an action of *assumpsit* by titling against James T. Young, Charles H. Colbourn, Littleton F. Hall, Charles O. Melvin, Lewis Thompson, who was also one of the plaintiffs, and William B. Allwine, co-partners, trading as Young, Colbourn & Co. All of the defendants were summoned except Thompson, who was already in Court as plaintiff, and Allwine.

On February 11th, 1895, the plaintiffs filed their declaration which contained in addition to the common money counts a count on a promissory note of Young, Colbourn & Co., drawn to the order of B. F. Sturtevant & Co., which the declaration alleged had been dishonored by its

makers, and thereafter paid by the plaintiffs. In response to the demand of the defendants the plaintiffs filed a bill of particulars which set forth the promissory note as their sole cause of action.

After pleas had been filed by the defendants and issue joined thereon the plaintiffs obtained leave of Court to amend their declaration, and then filed a new one by way of amendment which contained the common money counts, and three counts on the note of Young, Culbourn & Co. One of these counts simply alleged the making and dishonor of the note, another contained the same allegations, and further averred that the note had been endorsed to the plaintiffs before its dishonor, and the third count contained the same allegations as the second with the additional one that after the dishonor of the note the plaintiffs had paid it. This amended declaration was demurred to and the Court sustained the demurrer but gave to the plaintiffs leave to again amend their narr. and also the titling and writ.

The plaintiffs, in pursuance of the leave so obtained, filed a second amended declaration, but upon objection on the part of the defendants the Court disallowed the amendment, as made. The plaintiffs then declined to plead further and judgment of *non pros.* with costs was entered in the case and the plaintiffs appealed. Before appealing, they made a motion to strike out the judgment, and the Court overruled the motion, but, as that action of the Court was clearly within its discretion, it does not come up for review on this appeal.

The record does not show whether a rule was laid on the plaintiffs to plead further when their proposed amendment was disallowed or that any time was fixed within which they were to file a new declaration, but in the absence of any proof to the contrary this Court will assume that the lower Court acted in accordance with its rules in entering the judgment of *non pros. Rutledge* v. *McAfee,* 72 Md. 32. The real question, therefore, presented by this appeal is

whether the demurrer to the first amended declaration was properly sustained.

We think there was no error in sustaining the demurrer. The cause of action set forth iñ the declaration demurred to was the promissory note of the firm of Young, Colbourn & Co. in which Lewis Thompson, one of the plaintiffs, was a partner. It is true the declaration contained also the common money counts, but the bill of particulars which was not withdrawn or amended limited the cause of action to the promissory note. *Scott* v. *Leary*, 34 Md. 389.

It has long been settled that one firm cannot sue another at law when the two firms have a common partner. This proposition follows as a corollary to the fundamental one that no man can sue himself or be both plaintiff and defendant in the same action. The first case in Mayland in which this doctrine was announced, *Kennedy* v. *McFadon*, 3 H. & J. 194, bears a strong resemblance to the one at bar. In that case Kennedy paid an obligation of a firm of which he was a member and then brought an action of *assumpsit* against his co-partners for money had and received, but it was held that the action could not be maintained because the plaintiff and defendants were partners. In *Hamilton* v. *Conine*, 28 Md. 643, the case of *Kennedy* v. *McFadon* was cited and relied on, and the origin and developement of the doctrine that one partner cannot sue the other at law was reviewed at length by JUDGE MILLER in the Court's opinion and was not only held to be the law but was declared to embrace also the case of joint owners.

The same proposition of law has in numerous cases been applied to two firms having a common partner and it is well settled that one of such firms cannot sue the other in an action at law. *Mainwaring* v. *Newman*, 2 Bos. & Pul. 120; *Fulton* v. *Williams*, 11 Cushing, 110; *Haven* v. *Wakefield*, 39 Ill. 509; *Green* v. *Chapman*, 27 Vt. 236.

There are exceptions to the rule that one partner cannot sue another, but they arise in cases where the cause of action is not an obligation of the firm, but consists of some

agreement of one co-partner with the other, such as a covenant in the articles of co-partnership, or a balance shown to be due from one partner to the other upon a final statement of accounts between them. It is obvious from the record that the present case does not fall within these exceptions.

At the time the promissory note in question was made by the firm of Young, Colbourn & Co., and before it was delivered to the payee, the appellant and three of the other partners of the firm placed their individual names upon the back of the note, but that does not alter their relation to the holder of the paper for it is well settled that persons endorsing a note under such circumstances are at law treated as joint makers. *Ives* v. *Bosley*, 35 Md. 262 ; *Schroeder* v. *Turner*, 68 Md. 508.

The declaration on its face disclosed the fact that Thompson was a partner in both the plaintiff and defendant firms and it was therefore bad upon demurrer. The judgment will be affirmed with costs.

*Judgment affirmed.*

(Decided November 23rd, 1899).