John G. Hoffman and Martin Rizer, *vs.* John Coombs.
*Dcember,* 1850.

A promise made by the payee and holder of a promissory note to the maker
upon matuiity of the note, that the latter might retain the money due on it
for a longer time, being without consideration is a *nudum pactum,* and does
not release parties liable as endorsers or securities upon the note

A promissory note was drawn by the maker payable to the order of the
plaintiff the holder "negotiable and payable at the *Cumberland Bank of Alle-
gany.*" Upon the back of this the names of the defendants were written.
HELD: That this note itself is not *prima facie* evidence that the defen-
dants placed their names upon it as makers or original promissors and not as
endorsers.

It is *prima facie* a note to be offered for discount at bank, and not elsewhere,
and is made payable to the plaintiff, in order that he may become the first
endorser.

Exceptions taken by a party who does not appeal, cannot be introduced into
the record on an appeal by the other party.

APPEAL from *Allegany* county court.

This was an action of *assumpsit* brought by the appellee
against the appellants upon the following promissory note.

"$618.            CUMBERLAND, August 6th, 1845.

Four months after I promise to pay to the order of *John
Coombs,* six hundred and eighteen dollars for value received
negotiable and payable at the *Cumberland Bank* of *Allegany.*

JONATHAN BUTLER."

On the back of this note the names of the appellants were
endorsed in blank, and over them the plaintiff at the trial
wrote so that the endorsement read as follows:—

"August 6th 1845. For value received we undertake to
pay *John Coombs,* the sum of money in this note specified ac-
cording to the tenor and effect of the said note.

JOHN G. HOFFMAN.
MARTIN RIZER."

The declaration contained several counts against the defen-
dants as makers of a promissory note of the same effect as the
above, and as guaranteeing the payment of the note made by
*Butler,* and the common money counts. Plea *non assumpsit.*

1ST EXCEPTION. The signatures of *Butler, Hoffman and
Rizer,* being admitted, the defendants offered the testimony

referred to in the opinion of this court and asked an instruction to the jury, that the agreement of the plaintiff to let *Butler* have the money again or for a longer time, proved by said testimony, and made without the knowledge or consent of defendants, discharged them from all liability on the note. The court (MARTIN, C. J., and MARSHALL and WEISEL, A. J.) refused to grant this instruction and the defendants excepted.

2ND EXCEPTION. In this exception the court refused to grant a prayer of the defendants that the *prima facie* or legal presumption to be drawn from the note itself, is that the defendants by putting their names upon the back of it intended to become indorsers and not makers or original promissors in said note, but instructed the jury that the note itself was *prima facie* evidence that the defendants placed their names on the back of said note not as endorsers, but as makers or as orignal promissors on said note. Defendants excepted.

3RD EXCEPTION. In this exception the court instructed the jury, at the instance of the plaintiff, that the agreement between plaintiff and *Butler* proved by the testimony, did not release the defendants from their liability on the note. Defendants excepted and the verdict and judgment being against them, they appealed to this court.

The record also contains several exceptions taken by the plaintiff, but no appeal was taken by him.

The cause was argued before SPENCE, MAGRUDER and FRICK, J.

By McKAIG, for the appellants, and
By GEO. A. PEARRE, for the appellee.

MAGRUDER, J. delivered the opinion of this court.

The appellee, who was the plaintiff in the court below, claimed the amount of a promissory note, which, according to its language, was negotiable and payable at the *Cumberland Bank of Allegany*. The note was drawn by one *Jonathan Butler*, payable to the plaintiff in the court below. On the back of this note so to be negotiated and paid, the names of the

appellants are to be found written first in order the name of the appellant, *Hoffman*, and below it that of the other appellant, the handwriting of each being admitted.

At the time of the trial, there were written over their signatures, these words:

"August 6th, 1845. For value received, we undertake to pay to *John Coombs*, the sum of money, in this note specified, according to the tenor and effect of said note." These words are in the handwriting of the appellee, the holder of the note.

The appellants gave testimony, that some time in the summer of 1848, the appellee, speaking of the note of *Butler*, then in his possession, said that he had good endorsers upon it; that at the maturity of said note, *Butler* came to him and offered to pay the said note off promptly; *Butler* at the same time remarking, that if he (the appellant) did not want it, he, (*Butler*,) would like to have his money again, or for a longer time; to which proposition he assented, and permitted *Butler* to retain the money.

It was insisted, that this was a new loan to *Butler*, and discharged the previous debt, and with it any liability of the appellants; and the defendant below prayed the court so to instruct the jury. The court refused, and we think correctly. The promise to let *Butler* have the money a longer time, being without consideration, was *nudum pactum*. See *Planters Bank of Prince Georges county against Sellman*, 2d *Gill & Johnson*, 230.

This action is brought, not against the drawer of the note, but against the two persons who indorsed it, or who wrote their names on the back of it.

The case has been argued on both sides, as if this was a blank indorsement. If we could so understand it, we should find no difficulty in distinguishing this case from former decisions of this court, to which reference was given to us. The law in such cases is also to be found in *Story on Prom. Notes*, secs. 479, 480.

We cannot, however, assume, that these were original blank endorsements. The words written over the names of the ap-

pellants, bear date the very day that *Butler's* note is dated. The case then is not precisely what it was supposed in the argument to be.

We, however, reverse the judgment of the court below, because of the instruction which was given, and which is to be found in the second exception. We do not think with *Allegany* county court, that the note itself is *prima facie* evidence, that the defendants (appellants) placed their names upon the the back of said note, not in the character of endorsers of said note, but as makers, or original promissors.

There was no evidence furnished by the written paper, or *aliunde*, of any previous indebtedness to the appellee. It is not shown by what authority he wrote the words, which are found over the signature; how or when the appellants were prevailed upon to have any connection with, or to make themselves answerable for, any debt which *Butler* might owe to, or was about to contract with, the appellee.

It appears too, that this was a note, negotiable as well as payable at the *Cumberland Bank of Allegany*, and is in form, not only what the charter of that bank says, that all notes there to be discounted must be, but is in the usual form of notes to be discounted by banking institutions only. It is then *prima facie*, a note to be offered for discount at bank and not elsewhere, and is made payable to the appellee, in order that he may become the *first* indorser.

It is immaterial, whether the second indorser writes his name before or after the endorsement by the payee, but the mischief would be incalculable, if, when the person who is relied upon as the first indorser, gets possession of a note already endorsed by one, who, according to the understanding of the parties, is to be the second endorser, he can fill up the blank, which *prima facie* is left for his own name, with such an undertaking as is here offered in evidence.

We cannot discover that the appellant was aggrieved by the opinion of the court, expressed in the third bill of exceptions.

The exceptions taken by the plaintiff in the court below,

have been improperly introduced into the record and make no part of it.

1st and 3rd exceptions affirmed; 2nd dissented from.

JUDGMENT REVERSED, AND
PROCEDENDO AWARDED.