DAVID  OWINGS  *vs.*  PRUDENCE  S.  O.  BAKER.

*Blank  endorsement  of  a  Promissory  note—Admissibility  of
Parol  evidence  to  show  what  Liability  was  intended  to  be
assumed—How  Liability  of  a  blank  Endorser  as  Joint  pro-
misor,  may  be  avoided.*

The contract entered into by a blank endorsement of a promissory
note, will receive such a construction as will give effect to the
intention of the parties, and parol evidence will be admitted to
show and explain what liabilities were intended to be assumed at
the time of the transaction.

A third party who places his name on the back of a note before it is
endorsed by the payee, may avoid the liability of a joint promi-
sor, which the law, in the absence of proof to the contrary,
attaches to such an endorsement, by proving a different under-
standing of *all the parties* at the time of the transaction. But an
agreement to such effect between the drawer and a blank endorser
alone, without the assent of the payee, will not suffice.

APPEAL from the Circuit Court for Baltimore County.

The nature of the case is stated in the opinion of the
Court.

*Exception.*—The case being tried before the Court, with-
out the intervention of a jury, the plaintiff prayed the
Court to rule as follows:

1. If the Court, sitting as a jury, shall find that the
plaintiff was applied to by Rowland R. Hayward for a
loan of money, and that plaintiff declined to make the
loan without security, and that the promissory note,
offered in evidence, was then presented to plaintiff, drawn
payable to his order, with the name of Rowland R. Hay-
ward signed by him at the foot, and the name of Prudence

S. O. Baker, signed by her on the back of the note, and that the plaintiff then loaned the sum of money mentioned therein, on the faith and security of said note, then the said Prudence S. O. Baker was an original promisor, or co-maker of said note, and the plaintiff is entitled to recover against her.

2. If the Court shall find that plaintiff was applied to by Rowland R. Hayward for a loan of money, and that plaintiff declined to make the loan without security, and that said Hayward then offered Prudence S. O. Baker, as security, and the promissory note offered in evidence was then executed and presented to the plaintiff, and that he thereupon loaned the sum of money mentioned therein, on the faith of the security of the said Prudence S. O. Baker, then she became an original promisor, or co-maker of said note, and the plaintiff is entitled to recover against her, unless the Court shall be of opinion, that the intention of all the parties was, that said Prudence S. O. Baker should only be liable, as endorser; and plaintiff prays further instruction, that such liabilities on the part of Prudence S. O. Baker, as endorser, could only be maintained by the plaintiff becoming first endorser himself, and making her second endorser.

The defendant, Prudence S. O. Baker, prayed the Court to rule as follows:

That if the Court shall believe from the evidence, that the plaintiff told the witness and defendant, Hayward, that he would lend him (Hayward) two hundred dollars, provided Mrs. Baker, the other defendant, would sign the face of the note offered in evidence in this cause; and shall further believe that said witness and defendant, Hayward, told the plaintiff he would not ask Mrs. Baker to sign the face of the note; and if the Court shall further believe that the plaintiff told the witness and defendant, Hayward, that he (the plaintiff) would let (Hayward) have the money, provided Mrs. Baker endorsed said note;

and if the Court shall further believe, that this information or message was communicated to the defendant, Mrs. Baker; and if the Court shall further believe, that the note was signed and endorsed as now shown to the Court, with that agreement and understanding, then the promise and undertaking of the defendant, Mrs. Baker, was not an original but a collateral promise and undertaking, and that the defendant, Mrs. Baker, is not responsible as a joint maker, and the plaintiff cannot recover in this cause against Mrs. Baker under the pleadings and proof offered to the Court, unless the Court shall find that Mrs. Baker was notified by protest or informed in some way, within a reasonable time of the maturity of said note, that it was not paid by the witness and defendant Hayward; and the defendant asks the Court to find that no proof has been offered in this case of such notice of protest or non-payment of said note.

The Court (YELLOTT, J.) rejected the plaintiff's prayers, and granted the defendant's prayer. To this ruling the plaintiff excepted, and the verdict and judgment being in favor of the defendant, Mrs. Baker, he appealed. A judgment on terms was confessed against Hayward.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J., for the appellee, and submitted on brief for the appellant.

*D. G. McIntosh,* for the appellant.

*William S. Keech,* for the appellee.

MILLER, J., delivered the opinion of the Court.

The appellee is sued by the appellant as joint maker, with Rowland R. Hayward, of the following promissory note:

"$200.00.    Baltimore County, February 16th, 1876.

"Six months after date I promise to pay to the order of David Owings the sum of two hundred dollars at —— with interest.

"Rowland R. Hayward."

This note was endorsed in blank by Prudence S. O. Baker, the appellee, and the effort of the appellant, Owings, the payee in the note, is to hold her to the obligation of a joint maker or original promisor.   The case was tried before the Court without the intervention of a jury.   There was no exception to the admissibility of evidence, and with the findings of the Court upon questions of fact, we have nothing to do.   Our duty is simply to review the single question of law presented by the rulings rejecting the two instructions asked by the plaintiff, and granting the one asked by the defendant.   The prayers of the plaintiff assert, in effect, the proposition that upon the finding of certain facts therein stated, the law fastened the responsibility of a joint maker upon the defendant.   On the other hand the defendant's prayer presents substantially the proposition, that if the Court found from the evidence in the cause, that it was the understanding and agreement of all the parties to the note when Mrs. Baker put her name upon the back of it, that she should occupy the position, and be held to the liability of *endorser*, then her promise and undertaking was not an original, but a collateral one, and she is not responsible as joint maker.   If this instruction be correct, it follows of necessity there was no error in the rejection of the plaintiff's prayers ; and that it is correct, there would seem to be no doubt in view of the decision of this Court in the case of *Ives vs. Bosley,* 35 *Md.,* 262.

In that case the Court say the facts stated, established by conclusion of law the responsibility of Ives as a joint maker or original promisor, but they further distinctly

admit and decide, that the contract entered into by a blank endorsement will receive such a construction as will give effect to the intention of the parties, and that parol evidence will be admitted to show and explain what liabilities were intended to be assumed at the time of the transaction. The doctrine expressly announced in that case is, that if the contract set up is different from that which attaches by presumption of law, it must be established by proof, showing that both parties, promisor and promisee, so intended and agreed, and that a third party, who places his name on the back of a note before it is endorsed by the payee, can avoid the liability of a joint promisor, which the law, in absence of proof to the contrary, attaches to such an endorsement, by proving a different understanding of *all the parties* at the time of the transaction. An agreement to such effect between the drawer and a blank endorser alone without the assent of the payee, will not do, because that would open the door to fraud upon the creditor who may have taken the note in the utmost good faith, relying upon the blank endorsement as security for his debt. But where he assents and concurs in the agreement no such result can follow. In such a case both reason and justice require that the intention of the parties should be carried into effect, and that the endorser should not be held to a liability or made to assume a position he never contemplated, and which the party to whom the promise was made agreed he should not be placed in. Now this, as we understand it, is the legal proposition asserted by the defendant's prayer, and so interpreted, it is in perfect accord with, and sustained by, the decision in *Ives vs. Bosley*. It follows there was no error in the rulings excepted to, and the judgment must be affirmed.

*Judgment affirmed.*

(Decided 3rd June, 1880.)