FANEUIL HALL NATIONAL BANK *vs.* MARY C. MELOON & others.

Suffolk.    November 11, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Bills and Notes.*

The holder and owner of a negotiable promissory note may covenant with the maker not to sue, and reserve his rights against the indorsers, and this is none the less so, where the note is made by a firm and the members of the firm, liable as partners, also individually are the indorsers.

MORTON, J. This is an action against the defendants as indorsers upon a promissory note to recover the balance due upon it. The case was heard upon agreed facts, and judgment was ordered for the plaintiff. The defendants appealed.

The note was signed by the firm of Meloon and Wyeth and was dated October 22, 1900, and was payable three months after date to the plaintiff's order. The plaintiff discounted it, and

delivered the proceeds to the firm.   The firm consisted of Mary C. Meloon and William H. Wyeth, and they with one Hopkins H. Meloon severally indorsed the note before it was delivered to the plaintiff.   The firm also indorsed it.   On January 18, 1901, before the note came due, the firm notified the plaintiff that they were unable to pay it, and thereupon, on that date, the plaintiff executed and delivered to the firm with the knowledge of all of the defendants an agreement agreeing that in consideration of the payment by the firm of seventy-five per cent of the amount due on the note and the acceptance by other creditors of the firm of the same per cent of their respective claims, it would never commence or prosecute any legal proceedings against the firm to collect the note, but expressly reserving " all its rights to proceed against Mary C. Meloon, H. H. Meloon, and W. H. Wyeth the indorsers upon said notes individually to collect the balance due upon said notes."   The firm subsequently paid the plaintiff and its other creditors the percentage agreed upon.   Demand has been duly made for the payment of the balance and the note has been duly protested. The defendants Wyeth and Mary C. Meloon contend that the effect of what has been done is to discharge them from liability. We do not think that is so.   There can be no doubt that the holder and owner of a negotiable promissory note may covenant with the maker not to sue, as was done in this case, and reserve all his rights against the indorsers.   *Taunton National Bank* v. *Stetson*, 145 Mass. 366.   *Dickinson* v. *Metacomet National Bank*, 130 Mass. 132.   *Tobey* v. *Ellis*, 114 Mass. 120.

It may be observed, though of course it has nothing to do with the decision, that it is now expressly provided by the Revised Laws which went into effect since this action was brought that " The holder may expressly renounce his rights against any party to the instrument, before, at, or after its maturity."   R. L. c. 73, § 139.   In this case the covenant not to sue was with the firm as a firm, and not with the indorsers.   All rights against the indorsers as such were expressly reserved.   The defendants Wyeth and Mary C. Meloon were none the less indorsers and none the less liable as such because they were also liable as members of the firm which made the note.   The effect of the covenant not to sue was to release the firm as the maker, not

the individual members as indorsers. It is true that each part-ner is liable *in solido* for the debts of the firm ; but his separate estate is liable in the first instance for his individual debts, and his individual indorsement of a firm note may therefore enhance the security afforded by it. For this reason the holder of a firm note indorsed by the individual members of the firm might be willing to compound his claim against the firm, if he could re-serve his rights against the indorsers, and we see no objection to his doing so. See *Roger Williams National Bank* v. *Hall,* 160 Mass. 171.

*Judgment affirmed.*

*S. R. Cutler,* (*H. W. James* with him,) for the defendants.
*A. L. Millan,* for the plaintiff.