## NATIONAL EXCHANGE BANK *vs.* MICHAEL LUBRANO.

### MARCH 4, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Bills and Notes. Maker. Endorser.*

Where a note was made in the firm name, and before delivery a member of the partnership placed his name upon the back of the note, under the provisions of the negotiable instruments act, section 71, he thereby added to his liability as maker a several and distinct liability as indorser, thereby making himself individually liable for the payment of the note, after due notice of dishonor, and also guaranteeing the signature on the face of the note, and rendering himself liable individually to an action by an indorsee.

(2) *Procedure. Joining Parties Defendant.*

Where a member of a partnership was sued individually as indorser of a note made in the firm name, a motion to make the other member of the firm a party defendant was properly denied, since if he wanted to bring in the party primarily liable as maker, he should have moved to have the maker of the note (*i. e.*, the partnership) summoned in.

Further, if the object was to try the question whether defendant was a partner, it was an improper way to raise it, and even if he were not a partner, it would not have changed his obligation as indorser.

(3)  *Procedure.  Subpœna duces tecum.  Production of Documents.*

After plaintiff had closed his case, defendant moved for a writ of subpœna *duces tecum* to produce the books of plaintiff, a national bank, which motion was denied:—

*Held*, that, as such books could not be produced without great inconvenience to plaintiff, and defendant had failed to take advantage of the method allowed under C. P. A., § 402, to procure the desired information, before trial, it nowhere appearing that the accounts asked for if produced would have furnished any material evidence, and the attention of defendant having been called to the fact that the president of the bank was in court and his evidence was available, the court exercised a proper discretion in denying the motion.

(4)  *Bills and Notes.  Pleading.  Payment.*

Where a partner was sued individually as endorser on a firm note, the plaintiff, by the production of the note and proof of demand for payment and notice of dishonor to defendant, made out a good *prima facie* case, and proof of payment of the note by any party was a matter of affirmative defence.

ASSUMPSIT.  Heard on exceptions of defendant, and overruled.

PARKHURST, J.  This is an action of the case to recover from the defendant the amount of a certain promissory note, with interest and protest fees thereon.  The note, a copy of which was filed as a bill of particulars, reads as follows:

"$400.00                    Providence, R. I. Oct. 25, 1905.

"Ninety days after date we promise to pay to the order of The National Exchange Bank

              Four hundred.............00/100 Dollars at The National Exchange Bank of Providence.

"Value received ...................................

"No. ....  Due *Jan.* 23.              D. DiLuglio Co."

(Endorsed on back of note)

"Michael Lubrano."

The following is the first count of plaintiff's amended declaration:

"National Exchange Bank, a banking corporation located in the City and County of Providence, State of Rhode Island, complains of Michael Lubrano, alias John Doe, summoned by

the sheriff and whose property has been attached by the sheriff in an action of the case; for that D. DiLuglio and Michael Lubrano doing business as D. DiLuglio Company at Providence on the 25th day of October A. D. 1905 by their note of that date by them signed as D. DiLuglio Company for value received promised said plaintiff to pay it or order the sum of Four Hundred Dollars ($400.) ninety (90) days after date, and the said defendant individually then and there endorsed and delivered said note to said plaintiff, and the said plaintiff in Providence on January 23rd, 1906, presented the said note then due and payable to the said makers, who then and there neglected to pay the same, whereof the defendant then and there had notice, and in consideration thereof promised to pay the plaintiff the same, when thereunto requested."

The usual common counts follow.

Before this case came on to be tried in the Superior Court, the defendant demurred to the first count of the amended declaration as herein set forth, the ground for demurrer being that it appeared by said amended first count that the defendant's liability on the note set forth was a joint liability with one D. DiLuglio, and not a several liability. This demurrer having been overruled on April 16th, 1907, the defendant duly excepted to such ruling.

Also previous to the trial of said cause, the defendant moved in writing that said D. DiLuglio be added as a party defendant, which motion, on hearing, was also denied, to which ruling the defendant duly excepted.

At the trial of said cause on October 11, 1907, after the plaintiff's case was closed (the plaintiff, through its attorneys, four days prior to said trial having been requested and notified to produce the books of the plaintiff corporation, showing the account between the plaintiff and Domenico DiLuglio, under whatsoever name or names the same appeared, and the account between the plaintiff and said DiLuglio and Lubrano, under whatsoever name or names the same appeared, and said plaintiff having failed to comply with said request), the defendant moved in writing that a *subpœna duces tecum* issue commanding the cashier of the plaintiff bank to bring into court

such books of account, which motion was denied, to which ruling the defendant duly excepted.

The evidence presented by the plaintiff consisted in the production of the note before the jury; and the testimony of Edwin C. Potter, notary public, that the note was duly presented for payment; that payment was refused, the note was protested, and notice thereof duly mailed to the defendant. No evidence was produced on behalf of the defendant; but at the close of the plaintiff's testimony, and after said motion for a *subpœna duces tecum* had been denied, it was moved that a verdict be directed for the defendant, which motion was denied and defendant's exception noted. The plaintiff thereupon moved that a verdict be directed for the plaintiff, which motion being granted, defendant's exception was duly noted.

There is no dispute that the amount of the verdict, $442.47, was correctly ascertained by the jury under the instruction of the court.

The defendant brings the case to this court on the following exceptions:

(1)  Because the court erred in overruling the defendant's demurrer to the first count of plaintiff's amended declaration.

(2)  Because the court erred in refusing to grant the defendant's motion that Domenico DiLuglio be made a party defendant to said action.

(3)  Because the court erred in refusing to grant the defendant's motion for writ of *subpœna duces tecum* as appears of record in said case.

(4)  Because the court erred in refusing to grant the defendant's motion that a verdict be directed for the defendant in said case.

(5)  Because the court erred in granting the motion of the plaintiff that a verdict for the plaintiff be directed in said case.

(1)  The first exception must be overruled. The declaration shows that the defendant Lubrano was a maker of the note as a partner with one D. DiLuglio, under the firm name of "D. DiLuglio Co." as signed on the note. If Lubrano had placed his name upon the back of the note before delivery, under the law of this State as it existed prior to the passage of "The

Negotiable Instruments Act" (Chap. 674, Jan. 1899), he would simply have become a joint maker of the note; as he was a maker already his relation to the note would not have been changed and his liability thereunder would neither have increased nor diminished; his act would simply have been nugatory. Under the negotiable instruments act, however, we think he may fairly be held to have made himself an indorser under the provisions of section 71, viz.: "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." See also Neg. Inst. Act, Sec. 25, clause 6; see *McLean* v. *Bryer*, 24 R. I. 599; *Downey* v. *O'Keefe*, 26 R. I. 571; *Deahy* v. *Choquet*, 28 R. I. 338.

In other words, we are of the opinion that the defendant, by so indorsing said note, added to his liability as maker a several and distinct liability as indorser, thereby making himself individually liable for the payment of the note, after due notice of dishonor, and thereby also guaranteeing the signature on the face of the note; and that the plaintiff had a right, if it saw fit, to sue him as such indorser, as it has done. The demurrer to the declaration was therefor properly overruled.

(2) The second exception must be overruled. The defendant is sued simply as an indorser of the note. There is no count against him as maker.

If the defendant desired to bring in the party primarily liable as maker, he should have moved to have the "D. DiLuglio Co.," the maker of the note, summoned in; this he has not done, but has moved only as to Domenico DiLuglio, he being only one of the partners. We do not think this was a proper motion, under the conditions of this case, and we think the Superior Court properly exercised its judicial discretion in denying the motion. Furthermore, it appears that the purpose urged by the defendant as a ground for the motion was that he wished to try the question whether or not he was a partner in said company. We think this was not a proper way in which to raise said question. If he was not a partner in the "D. DiLuglio Co.," he had become an indorser of the

note as above shown, and was therefore individually liable and properly sued as above shown. We fail to see how he could have raised the question of the partnership in such a manner, or how, if he had succeeded in showing that he was not a partner, it would in any way have changed or have avoided his obligation as an indorser. And if he was not a partner, it furnishes an additional reason why his motion should have been so made as to show what parties in fact constituted the "D. DiLuglio Co.," so that the proper parties primarily liable could have been brought before the court.

It was held in *Hennessy v. Masterson*, 12 R. I. 303, that the first indorser on a note being sued, had, as a matter of course, the right to have the maker summoned in and made a party defendant; and this was held under the provisions of Pub. Laws R. I., cap. 563, of April 20, 1876, which has remained substantially as then enacted through all subsequent revisions and now appears in C. P. A., § 241 (see Gen. Laws cap. 233, § 21; Pub. Stat., cap. 204, § 32).

And it was further held in *National Exchange Bank* v. *Galvin*, 20 R. I. 159, as follows, where a similar motion was made and denied: "Though the statute (Gen. Laws R. I., cap. 233, § 21) provides that the court *may*, on motion of a defendant, order other parties to the contract to be made defendants, we think that this implies a judicial and not an absolute discretion, and hence that it is reviewable. The statute was evidently intended to give a right to the defendant in a proper case. In the present case the representative of Daniel Galvin can not be charged for a partnership debt on which he was jointly liable till the plaintiff shall have first exhausted the partnership estate. Gen. Laws R. I., cap. 233, § 17. In this state of facts, Horgan, as surviving partner, is primarily liable. We think, therefore, that the motion should have been granted."

And in the *Providence County Savings Bank* v. *Vadnais*, 25 R. I. 295, the case of *Bank* v. *Galvin* (*supra*) was approved so far as it held as a general statement that it was the right of the defendant in a proper case to have a prior party summoned in and made a party defendant.

For the reasons above stated we do not think that the defendant has brought himself within the spirit of the above cases; or, in other words, that he has shown "a proper case" for the granting of such a motion.

(3)    The third exception must be overruled. The defendant appears to have desired to introduce evidence, from the accounts of the bank, relating to said note. Defendant's counsel did not state clearly, in fact did not seem to know, what the books of the bank would show. Such books of account of a bank doing its regular daily business manifestly could not be produced in court without great inconvenience to the plaintiff; and the statute points out a very simple method, whereby, by order of court, before trial, the defendant could have procured the information, if desired, so as to be able to inform the court what the books would show if produced; and so as to have procured copies of the entries, if any, relating to the note in suit. (See C. P. A., § 402.) Instead of taking this procedure before trial, the defendant waits until the plaintiff has closed its case, and then makes its motion for a writ of *subpœna duces tecum;* although it nowhere appears that the accounts asked for, if produced, would have furnished any evidence whatsoever material to the controversy. Furthermore, it is stated in argument by counsel for the plaintiff, and not denied, that the president of the bank was in court, and the attention of the defendant's counsel was called to him with the statement that his evidence was available if the defendant desired, but the defendant did not see fit to call him. Under these circumstances we are of the opinion that the Superior Court exercised a proper discretion in denying this motion for a writ of *subpœna duces tecum.*

(4)    As to the fourth and fifth exceptions, relating to the refusal of the court to grant the defendant's motion for direction of a verdict for him, and the granting of the plaintiff's motion for the direction of a verdict for the plaintiff, it is only necessary to say that the plaintiff, by the production of the note in suit, and proof of demand for payment and notice of dishonor to the defendant, had made out a good *prima facie* case against the defendant as an indorser; that it was not necessary for

the plaintiff to go further and prove non-payment of the note by any person up to the date of the trial. Such proof of payment would have been a matter of affirmative defence; and the burden of proving it rested upon the defendant. (See *Pastene* v. *Pardini*, 135 Cal. 431, 434; *Studebaker, &c., Mfg. Co.* v. *Langson*, 89 Wis. 200, 202. See also *Hutchings* v. *Reinhalter*, 23 R. I. 518.)

We think the verdict for the plaintiff was properly directed. The defendant's fourth and fifth exceptions are therefore overruled.

The case is remitted to the Superior Court, with direction to enter judgment upon the verdict.

*Green, Hinckley, and Allen*, for plaintiff.

*Barney & Lee*, for defendant. *Prince H. Tirrell, Jr.*, of counsel.