WILLIAMS et al. v. BALDWIN et al.
(No. 1887.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 26, 1918. Rehearing Denied March 14, 1918.)

1. PRINCIPAL AND SURETY ⬥⟞117—DISCHARGE OF SURETY—BUILDING CONTRACT—PAYMENT WITHOUT CERTIFICATE.

Provision of building contract that installment payments shall be made by owner to contractor only on certificates of the architect is for owner's benefit; and making of payments without such certificates to materialmen and laborers, after abandonment of work by contractor, will not prevent recovery on his bond.

2. PRINCIPAL AND SURETY ⬥⟞117—DISCHARGE OF SURETY — BUILDING CONTRACT — FINAL CERTIFICATE.

Provision of building contract that final certificate be made on completion of the building applies only when the contractor completes the building.

⬥⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. APPEAL AND ERROR �köm257—REVIEW—EXCEPTIONS—CONSOLIDATING CAUSES.**

The ruling or order for consolidation of causes cannot be reviewed; exception not having been taken thereto.

**4. APPEAL AND ERROR �køm1011(1)—REVIEW—FINDINGS.**

Finding that lumber was furnished to building contractor without any promise of building owner to pay therefor, being on conflicting evidence, is not reviewable.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by A. P. Baldwin against R. F. Williams and others; certain persons intervening. With this the suit of R. W. Patterson against A. P. Baldwin was consolidated. From the judgment, Williams and others and Patterson appeal. Affirmed.

On September 29, 1915, the Davis Construction Company, a copartnership, entered into a written contract with A. P. Baldwin to provide all material and perform all the work for the erection of a two-story brick apartment house according to certain plans and specifications, for which A. P. Baldwin was to pay them $10,250. It was provided in the contract: (1) That no alterations should be made in the work except on the written order of the architect; (2) that the sum contracted to be paid by A. P. Baldwin to the construction company was only to be paid on the certificates of the architect, and no certificate was to exceed 75 per cent. of the cost of labor and material satisfactorily in place in the building at the time of the issuance of such certificate; and (3) that, should the construction company at any time fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements in said contract, such failure being certified by the architect, the said A. P. Baldwin should be at liberty, after ten days' written notice to the contractors, to provide any such labor and material necessary to complete the building according to the plans and specifications. The construction company executed a bond on September 29, 1915, with three sureties, who are the appellants herein. The bond was in the sum of $5,000, payable to A. P. Baldwin "and to such persons, firms and corporations who may furnish material for or perform labor on the work, building or improvement contemplated in the contract." The condition of the bond reads:

"That said Davis Construction Company shall well and truly keep, perform and fulfill all and every the covenants, conditions, stipulations, and agreements to be kept, performed, and fulfilled by them as set forth and contained in the contract entered into by and between the Davis Construction Company, as contractors, and A. P. Baldwin, as owner, dated September 29, 1915, for the construction of the work, building, or improvement mentioned in the said contract, and shall repay to A. P. Baldwin, owner, all sums of money which he may pay to other persons on account of work and labor done or material furnished which the Davis Construction Company may fail to do or furnish in accordance with said contract, and shall pay to A. P. Baldwin, owner, any and all damages he may sustain, as provided in said contract, or which he may be entitled to under the terms of said contract by reason of the malperformance or nonperformance on the part of the Davis Construction Company, contractors, of any of the covenants, agreements, and stipulations in said contract on their part to be kept and performed."

The bond further provides:

"This bond is made for the use and benefit of all persons, firms, and corporations who may furnish any material or perform labor for or on account of said work, building, or improvement, and they and each of them are hereby obligees hereunder the same as though their own proper names were written herein as such, and they and each of them may sue hereon."

This bond was not filed in the county clerk's office.

In October, 1915, the Davis Construction Company began the erection of the building, and on January 22, 1916, refused to further proceed with the erection and completion of the building, which fact was certified on January 31, 1916, by the architect superintending the erection of the building. On January 31, 1916, the construction company and the sureties on their bond were each notified of such failure on the part of the construction company, and that A. P. Baldwin would provide all labor and material necessary to complete the building as the construction company had contracted to do. After the notice A. P. Baldwin proceeded to and did furnish the labor and material necessary to complete the building according to the contract. Up to and including January 8th A. P. Baldwin had paid to the Davis Construction Company $4,853.80 on certificate of the architect, and such payments did not exceed 75 per cent. of the amount of labor and material satisfactorily in place in the building according to the certificate of the architect at the time of the issuance of the certificate. However, on January 8, 1916, there had been labor and material to an amount exceeding $1,000 satisfactorily placed in the building by subcontractors which was unfinished on said date and not covered by the certificate of the architect; and on January 19th there was labor and material satisfactorily in place in the building and not covered by the certificate of the architect to an amount of $2,940.45, including the amount of over $1,000 in the building on January 8, and up to January 19, 1916, A. P. Baldwin paid to the following persons who had furnished labor and material to the construction company sums indicated below:

| | | |
|---|---|---|
| On Jan. 11, 1916, R. W. Patterson for lumber | $ 500 | 00 |
| On Jan. 15, 1916, pay roll | 120 | 00 |
| On Jan. 19, 1916, Victoria Lumber Co. for millwork | 1,482 | 85 |
| Total | $2,102 | 85 |

No certificate of the architect was issued for the payments covered by the $2,102.85.

After January 19th and prior to January 22d there had been labor and material satisfactorily in place in the building amounting to more than $200, and on January 22d A. P. Baldwin paid for the Davis Construction Company the weekly pay roll of $142. Thereafter, on January 29th, there was labor and material satisfactorily in place in the building to an amount equal to $300, and on that date A. P. Baldwin paid for the Davis Construction Company the pay roll of $146.-85. At no time did A. P. Baldwin pay to or for the Davis Construction Company more than 75 per cent. of the amount of labor and material satisfactorily in place in the building. After the default of the construction company A. P. Baldwin was compelled to pay for labor and material necessary to complete the building according to the plans and specifications $4,279.56, making the total amount paid by A. P. Baldwin to and for the Davis Construction Company to complete the building $11,526.46, which amount was $1,166.46 above the contract price.

A. P. Baldwin brought this suit upon the contract and bond against the Davis Construction Company and the sureties on the bond. There were other firms and corporations who had furnished material and labor to go into the building, and who intervened to enforce their demands. The sureties on the bond of the Davis Construction Company answered by denial, and specially, in avoidance, that the contract had been breached in altering the plans and specifications and in making payments without the certificate of the architect therefor and in failing to reserve 25 per cent. of the contract price until the completion of the building. The defendants further plead that the act of the Thirty-Fourth Legislature (Acts 34th Leg. c. 143 [Vernon's Ann. Civ. St. Supp. 1918, arts. 5623a–5623d]) relating to bonds for building contractors was unconstitutional.

There was a trial to the court without a jury, and findings of fact made by the court. A judgment was entered in favor of plaintiff and certain interveners against the construction company and the sureties on the bond. The sureties on the bond appeal.

R. W. Patterson in a separate suit sought to recover of A. P. Baldwin for lumber alleged to have been furnished upon the promise of A. P. Baldwin to pay for the same. This suit was by order of the court consolidated with the suit of A. P. Baldwin against the construction company and the sureties on the bond. The court made the finding of fact that the lumber was furnished the Davis Construction Company, and that A. P. Baldwin did not agree to pay therefor either before or after the lumber was furnished to the construction company, and entered judgment denying a recovery to R. W. Patterson against A. P. Baldwin. R. W. Patterson appeals.

202 S.W.—62

A. B. Watkins, Miller & Miller, and J. N. Starr, all of Athens, and J. A. Bulloch, of Tyler, for appellants. Simpson, Lasseter & Gentry, Marsh & McIlwaine, Price & Beaird, and Calhoun & Gentry, all of Tyler, Bryan, Stone & Wade, of Ft. Worth, and Norman, Shook & Gibson, of Rusk, for appellees.

LEVY, J. (after stating the facts as above). It is insisted by the sureties on the bond of the Davis Construction Company that the court erred in not giving judgment in their favor, in that they are legally released from liability under their contract, for: (1) The installment payment by A. P. Baldwin of $2,-102.85 was made, as found by the court, without the issuance of a certificate of the architect for the payments; and (2) the payments by A. P. Baldwin before the time of the certified default by the Davis Construction Company were more than 75 per cent. of the value of the labor done and material furnished. As found by the court:

"After January 8, 1916, and up to January 19, 1916, A. P. Baldwin paid to persons and firms who had furnished labor and material to the Davis Construction Company the following amounts (itemized), totaling $2,102.85. No certificate of the architect was issued for these payments."

And, as further found by the court, at the time the above installment payments were made there was labor and material satisfactorily in place in the building exceeding the value of $2,940.45, "and at no time did A. P. Baldwin pay to or for the Davis Construction Company more than 75 per cent. of the amount of the labor and material satisfactorily in place in the building." The contract has the stipulation:

That the contract price shall, as the work progresses, "be paid by the owner to the contractors in current funds, and only on the certificates of the architect, no certificate to exceed 75 per cent. of the cost of the labor and material satisfactorily in place in the building at the time of the issuance of such certificates, and the final certificates of payment to be made on completion of the building, and all payments shall be due when certificates for the same are issued and upon satisfactory evidence, such as receipted accounts or releases for all materials and labor that have been furnished and used in construction of said building."

[1] In the case of Childress v. Smith et al., 90 Tex. 610, 38 S. W. 518, 40 S. W. 389, it was held that the owner of the building cannot, in a suit on the contract, be compelled by the contractors or sureties to make partial payments agreed to be made in the absence of the architect's certificate or proof made that the architect fraudulently or willfully refuses same. And in the case of Ryan v. Morton, 65 Tex. 258, and other cases following the ruling therein, it is firmly held that the sureties on the contractor's bond are released of their obligation when without their assent the contractual partial payments are made by the owner to the contractor faster than the terms of the contract provide. Contractual terms regulating payments to be made depending upon the progress made in

the work are a part of the contract, not peculiarly for the benefit of the owner of the building, but are also for the interest of the sureties on the contractor's bond, for such regulations give "a guaranty to the sureties that the work will not be paid for by the owner until it was done" by the contractor. And the stipulation in the contract that the owner of the building shall not be required to make installment payments on the progress in the work without the certificate of the architect for the payments is intended for the benefit and protection of the owner of the building. For the term of contract entitles the owner to the proof and assurance that the work and material is in accordance with the plans and specifications under the superintendence of the architect, and that the proper amount of money is due. As in the findings of the court in the instant case there is not involved any question of acceleration of payments or overpayments, the principle involved in the case of Ryan v. Morton, supra, is not applicable here. And as the instant suit is by the owner of the building, it is believed that the case of Childress v. Smith et al., supra, is not applicable here. For the certificate of the architect is but evidence to the owner that the work and material in the building at the time are according to the plans and specifications, and that the correct amount therefor is properly due the contractor. The production of the certificate can accomplish nothing more. The interest of the sureties on the bond in this stipulation is only in the fact that the money be actually paid for the work and material in the building. And, the issuance of the certificate in the progress of the work being for the benefit of the owner of the building, the owner may waive it at his option and accept other proofs of the fact. Blethen & Terry v. Blake et al., 44 Cal. 117. And it may be presumed that the payment by the owner in this instant case was, as provided, "upon satisfactory evidence, such as receipted accounts or releases for all materials and labor that have been furnished and used in construction of said building," and that there was by the owner a waiver, as he had the option to do, only of the certificate of the architect. For it is evident in the findings of the court that the labor and material was satisfactorily in place in the building according to the plans and specifications, and that 75 per cent. of the amount of such labor and material was then due to be paid by the owner under the contract. And it is concluded that neither the principal nor the sureties on the bond may legally claim a violation of the terms of the contract operating as a release of their obligation because of the mere fact that the owner of the building made the particular payments without the issuance of the architect's certificate for such payments. The first

and fourth assignments of error are overruled.

The points presented in the second and third assignments of error are not, as we conclude, involved in the case, since legal effect is herein given to the terms of the contract.

The fifth assignment of error, we think, should be overruled; for the court finds as a fact:

"That in the erection of said building there was no material change from the plans and specifications according to which the structure was to be erected, as per the contract between the Davis Construction Company and A. P. Baldwin of date September 29, 1915; that such changes as were made were trivial and not material changes in said plans and specifications."

[2] The provision that final certificate be made on completion of the building has application only when the contractor completes the building.

[3] As no exception was taken to the ruling of the court or the order made consolidating cause No. 7945 with cause No. 7920, the assignment of error No. 1 by the appellant R. W. Patterson may not be reviewed by this court.

The second assignment of error by appellant Patterson challenges the findings of the trial court. The finding is:

"(13) Upon the issues made by the pleadings in the claim of R. W. Patterson against A. P. Baldwin for $524.71 for lumber claimed to have been furnished to the Davis Construction Company under the promise by A. P. Baldwin to pay therefor, I find that said lumber was furnished by R. W. Patterson to the Davis Construction Company, and that Baldwin did not agree to pay therefor either before or after the said lumber was furnished by Patterson to the Davis Construction Company."

[4] As the evidence is conflicting, the finding so made by the trial court will not be disturbed.

The judgment is affirmed.